UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case No. 5:23-cv-00440-BO-RJ

MXR IMAGING, INC.,

    *Plaintiff*,

v.

EVOHEALTH LLC and STEVEN DEATON, *individually and in his capacity as Chief Executive Officer and Owner of EvoHealth LLC*,

    *Defendants*.

**MOTION FOR DEFAULT JUDGMENT AGAINST EVOHEALTH, LLC**

    Plaintiff MXR Imaging, Inc., by its undersigned attorneys, moves for a default judgment against Defendant EvoHealth LLC. In support of this motion, Plaintiff states as follows:

    1.    Plaintiff commenced this action on August 7, 2023, asserting breach of contract and business tort claims against Defendants EvoHealth LLC and Steven Deaton, the CEO and owner of EvoHealth. (D.E. 1.)

    2.    On August 8, 2023, the Court issued a summons for each Defendant. (D.E. 5.) Plaintiff effected service on both Defendants. (D.E. 6, 7.)

    3.    Defendant Deaton filed a Chapter 7 bankruptcy petition on the day his response to the complaint was due in this case, triggering an automatic stay of litigation against him outside bankruptcy. (D.E. 8); *see In re Deaton*, No. 23-02527-5-PWM (E.D.N.C. Bankr.) (lead bankruptcy proceeding).

    4.    Plaintiff has since instituted an adversary proceeding in the bankruptcy court against Deaton to seek a determination of non-dischargeability of indebtedness under 11 U.S.C. § 523 with regard to its claims against Deaton in this action. *See MXR Imaging, Inc. v. Deaton (In*

*re Deaton)*, No. 23-00102-5-PWM (E.D.N.C. Bankr.) (adversary proceeding) (D.E. 1). Plaintiff is diligently litigating that proceeding, and the case is currently in discovery.

5. Defendant EvoHealth did not respond to the complaint in this action. Plaintiff then moved for the entry of default against EvoHealth, which the Clerk granted. (*See* D.E. 9, 10.)

6. EvoHealth is not currently in bankruptcy or legally defunct. However, upon information and belief, it is non-operational and does not have any apparent assets. Nevertheless, Plaintiff moves for a default judgment against EvoHealth.

7. By defaulting, EvoHealth has admitted the factual allegations in the complaint. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied.").

8. After entry of default, "the court must consider whether the unchallenged facts support the relief sought." *Carrington v. Easley*, No. 5:08-CT-3175-FL, 2011 WL 2132850, at *2 (E.D.N.C. May 25, 2011) (citing *Ryan*, 253 F.3d at 780). Here, the facts establish that Plaintiff has satisfied the elements of causes of action Nos. 1–3 and 5 of the complaint. In the memorandum of law submitted concurrently with this motion, Plaintiff identifies the specific facts establishing that:

    a. EvoHealth is liable for breach of contract (Counts I and II).

    b. In the alternative to Counts I and II, EvoHealth is liable for unjust enrichment (Count III).

    c. EvoHealth is liable for violating the North Carolina Unfair and Deceptive Trade Practices Act, N.C.G.S. § 75-1.1 *et seq.* (Count V).

9. Next, the Court must make an independent determination regarding damages. *Id.* The Court may determine the amount of damages based on affidavits or may conduct a damages hearing. *E.E.O.C. v. Carter Behavior Health Servs., Inc.*, No. 4:09-CV-122-F, 2011 WL 5325485, at *6 (E.D.N.C. Oct. 7, 2011) (report and recommendation), *adopted*, 2011 WL 5325473

(E.D.N.C. Nov. 3, 2011). The Declaration of Shelby Lemler (attached to this motion and the memorandum of law submitted concurrently with this motion, which incorporates the allegations of the complaint), establish that Plaintiff is entitled to recover the following monetary damages, summarized below:

| Item | Amount |
|---|---|
| Compensatory damages | $199,611.20 |
| Treble damages | $373,222.40 |
| Pre-and post-judgment interest | To be determined, at 8% rate |
| Attorney's fees | Will be the subject of a subsequent motion |

10. Plaintiff is entitled to an award of attorney's fees and costs. Pursuant to Fed. R. Civ. P. 54(d)(2), Plaintiff will move for an award of attorneys' fees within 14 days of entry of judgment.

11. This motion is further based on Plaintiff's contemporaneously submitted memorandum of law and on all other papers and pleadings on file with the Court in this matter.

12. Additionally, Plaintiff separately moves to seal portions of some of these documents to protect its confidential business information. The documents filed in support of this motion are filed provisionally under seal in unredacted form. Additionally, the memorandum in support of this motion and the declaration of Shelby Lemler are filed on the public docket, with proposed redactions.

Wherefore, Plaintiff requests that the Court:

a. Enter a default judgment against EvoHealth holding it liable for Causes of Action Nos. 1–3 and 5, as set forth in the Complaint;

b. Award actual damages in the amounts set forth above;

c. Award treble damages in the amounts set forth above;

d. Award pre- and post-judgment interest;

e. Award attorney's fees;

f. Award Plaintiff such other and further relief as this Court deems just and proper.

Filed: May 29, 2024

                                        Respectfully Submitted,

                                        MXR IMAGING, INC.

                                        By: /s/ *Benjamin S. Morrell*
                                        Benjamin S. Morrell (NC Bar No. 56676)
                                        TAFT STETTINIUS & HOLLISTER LLP
                                        111 East Wacker Drive, Suite 2600
                                        Chicago, IL 60601
                                        Telephone: (312) 527-4000
                                        Facsimile: (312) 527-4011
                                        bmorrell@taftlaw.com

                                        Paul R. Harris (special appearance pending)
                                        TAFT STETTINIUS & HOLLISTER LLP
                                        200 Public Square, Suite 3500
                                        Cleveland, OH 44114
                                        Telephone: (216) 241-2838
                                        Facsimile: (216) 241-3707
                                        pharris@taftlaw.com

                                        *Counsel for Plaintiff*

# CERTIFICATE OF SERVICE

I hereby certify that on the date listed below, I served the foregoing document and the proposed order referenced therein on Defendants EvoHealth and Steven Deaton by mailing them via USPS First Class mail, postage prepaid, to Defendants' last known addresses listed below:

| | |
|---|---|
| EvoHealth LLC | Steven Deaton |
| 2626 Glenwood Ave., Ste. 550 | 12201 Beestone Lane |
| Raleigh, NC 27608 | Raleigh, NC 27614 |

I further certify that on the date listed below, I sent the foregoing document and the proposed order referenced therein by mailing them via USPS First Class mail, postage prepaid, and by sending them via email to Attorneys Travis Sasser and Philip Sasser (whom the undersigned has reason to believe represents Defendant EvoHealth LLC and/or Defendant Deaton), at the following addresses:

Travis Sasser
Philip Sasser
Sasser Law Firm
2000 Regency Parkway, Suite 230
Cary, NC 27518
travis@sasserbankruptcy.com
philip@sasserbankruptcy.com

Date: May 29, 2024.

By: /s/ *Benjamin S. Morrell*
Benjamin S. Morrell
*Counsel for Plaintiff*