UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case No. 5:23-cv-00440-BO-RJ

| | |
|---|---|
| MXR IMAGING, INC., *Plaintiff*, v. EVOHEALTH LLC and STEVEN DEATON, *individually and in his capacity as Chief Executive Officer and Owner of EvoHealth LLC*, *Defendants*. | SUPPLEMENTAL BRIEF REGARDING ENTRY OF JUDGMENT AS TO DEFENDANT EVOHEALTH LLC |

Plaintiff MXR Imaging, Inc. submits this supplemental brief pursuant to the Court's November 21, 2024 order, addressing "whether entry of judgment as to defendant EvoHealth LLC would be warranted under Fed. R. Civ. P. 54(b) and *Frow v. De le Vega* or whether some alternative course is appropriate." (D.E. 20.)

**I.     Relevant Background**

MXR filed this lawsuit asserting breach of contract and business tort claims against EvoHealth LLC and Steven Deaton, its CEO and owner. (D.E. 1, Compl.) MXR asserts the following claims: (1) breach of contract against EvoHealth; (2) breach of contract, also against EvoHealth; (3) unjust enrichment against EvoHealth, in the alternative to Counts I and II; (4) fraudulent inducement against Deaton; and (5) violation of the North Carolina Unfair and Deceptive Trade Practices Act, N.C.G.S. § 75-1.1 *et seq.*, against EvoHealth and Deaton. (Compl. ¶¶ 70–103.)

Following issuance of the summons and service of the same and the complaint on both Defendants, Deaton declared bankruptcy under Chapter 7 rather than file a response. (*See* D.E. 5,

6, 7, 8.) MXR is pursuing its claims against him inside the bankruptcy, seeking a determination of non-dischargeability under 11 U.S.C. § 523 in an adversary proceeding. *See In re Deaton*, No. 23-02527-5-PWM (E.D.N.C. Bankr.) (lead bankruptcy proceeding); *MXR Imaging, Inc. v. Deaton (In re Deaton)*, No. 23-00102-5-PWM (E.D.N.C. Bankr.) (adversary proceeding). Trial is set for February 25, 2025 in the adversary proceeding.

EvoHealth neither responded to the complaint nor declared bankruptcy. MXR promptly requested the entry of default against it, and the Clerk entered default. (*See* D.E. 9, 10.) MXR then moved for a default judgment against EvoHealth. (D.E. 15.) MXR requested $199,611.20 in compensatory damages under Counts I, II, and V, and treble damages under Count V. (*Id.* at 2–3; *see* D.E. 15-1 at 8–9.) Count V was based on the breaching conduct alleged in Counts I and II, as well as several aggravating circumstances that made the allegations qualify as unfair and deceptive trade practices. (*See* D.E. 15-1 at 6–7.) MXR also requested awards of attorney's fees and pre- and post-judgment interest, in amounts to be determined at a later date. (D.E. 15 at 3.)

On November 21, 2024, the Court granted MXR's motion and issued an order entering a default judgment against EvoHealth. (D.E. 19.) The Court found that MXR was entitled to $199,611.20 in compensatory damages, $373,222.40 in treble damages, and pre- and post-judgment interest. (*Id.* at 1–2.) That same day, the Court issued an order directing MXR to file a supplemental brief "addressing whether entry of judgment as to defendant EvoHealth LLC would be warranted under Fed. R. Civ. P. 54(b) and *Frow v. De le Vega* or whether some alternative course is appropriate." (D.E. 20 at 2.)

**II.    Argument**

    **A.    Overview of *Frow* and its progeny**

*Frow v. De le Vega*, 82 U.S. 552 (1872), is a United States Supreme Court case from 1872. It arose from allegations that 14 defendants had conspired to defraud the plaintiff. After the initial

2

Case 5:23-cv-00440-BO-RJ     Document 21     Filed 12/05/24     Page 2 of 6

entry of default judgment in the plaintiff's favor against the non-appearing defendants, the trial court later found in favor of the remaining defendants that no fraud had occurred. The Supreme Court condemned this "incongruity" as "unseemly and absurd" and held that the proper procedure in this situation is to enter default against the defaulting defendants, but not a default *judgment* until the merits have been adjudicated as to the other defendants. *Id.* at 554.

*Frow*'s vitality has been questioned since the adoption of Federal Rule of Civil Procedure 54. Rule 54(b) allows district courts in cases with multiple claims or multiple parties to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties" upon an express finding that "there is no just reason for delay." Fed. R. Civ. P. 54(b). In light of this rule's adoption, courts have narrowed *Frow*'s application. *Frow* involved allegations of purely joint liability where multiple defendants were alleged to be responsible for the same wrongdoing. Many circuits have strictly limited its holding to such claims. The Fourth Circuit has found that *Frow* also applies to claims "where the liability is joint and/or several." *U.S. for Use of Hudson v. Peerless Ins. Co.*, 374 F.2d 942, 944 (4th Cir. 1967).

### B. *Frow* does not apply to Counts I and II, which are against only EvoHealth, the defaulting Defendant.

Counts I and II of the complaint—both pleading breach of contract—are against solely EvoHealth. Because these claims are against solely the defaulting defendant and do not allege joint or several liability, they fall outside of *Frow*'s ambit. *See S. Bank & Tr. Co. v. Laburnum Hotel Partners, LLC*, No. 2:13-CV-216, 2014 WL 3052535, at *5 (E.D. Va. July 3, 2014). In *Southern Bank*, the Eastern District of Virginia encountered a similar situation in a case with multiple individual claims against 27 individual guarantor defendants. The court granted a default judgment under Rule 54(b) against a defaulting defendant on a breach of contract claim against solely him, finding that "there is no risk of inconsistent judgments in allowing the Bank to proceed to final

3

Case 5:23-cv-00440-BO-RJ     Document 21     Filed 12/05/24     Page 3 of 6

judgment" on this claim. *Id.*

The same goes here. Counts I and II are against solely EvoHealth, do not allege joint or several liability, and thus pose no risk of inconsistent judgments. Additionally, EvoHealth "has admitted the facts necessary to enforce [its] individual contractual promise[s]," as explained in MXR's brief in support of its motion for default judgment. *Id.*; (*see* D.E. 15-1 at 6–8.) The Court should enter a default judgment under Rule 54(b) on these claims.

Count V is admittedly a different story. It pleads violations of the North Carolina Unfair and Deceptive Trade Practices Act against both Deaton and EvoHealth, and alleges joint conduct by both Deaton and EvoHealth for the same wrongdoings. (Compl. ¶¶ 93–103.) As such, *Frow* applies here and bars entry of a default judgment against EvoHealth under Rule 54(b) as to Count V.

### III.     Conclusion

MXR respectfully suggests that the Court should issue a modified default judgment under Rule 54(b) against EvoHealth as to Counts I and II, finding that MXR is entitled to the following damages:

- $199,611.20 in compensatory damages;

- pre-judgment interest on the contract-based damages at the legal rate of 8%, which equal $1,330.74 per month, from the date of breach (February 13, 2023) to the date of the Court's order; and

- post-judgment interest as provided by 28 U.S.C. § 1961.

As for Count V, the Court should let the clerk's entry of default as to EvoHealth stand and stay the remainder of this case until such time as the automatic litigation stay imposed by Deaton's personal bankruptcy is lifted. MXR will file a notice informing the Court when this occurs.

Filed: December 5, 2024

Respectfully Submitted,

MXR IMAGING, INC.

By: /s/ *Benjamin S. Morrell* _____
Benjamin S. Morrell (NC Bar No. 56676)
TAFT STETTINIUS & HOLLISTER LLP
111 East Wacker Drive, Suite 2600
Chicago, IL 60601
Telephone: (312) 527-4000
Facsimile: (312) 527-4011
bmorrell@taftlaw.com

Paul R. Harris (special appearance pending)
TAFT STETTINIUS & HOLLISTER LLP
200 Public Square, Suite 3500
Cleveland, OH 44114
Telephone: (216) 241-2838
Facsimile: (216) 241-3707
pharris@taftlaw.com

*Counsel for Plaintiff*

# CERTIFICATE OF SERVICE

I hereby certify that on the date listed below, I served the foregoing document and the proposed order referenced therein on Defendants EvoHealth and Steven Deaton by mailing them via USPS First Class mail, postage prepaid, to Defendants' last known addresses listed below:

| EvoHealth LLC | Steven Deaton |
|---|---|
| 2626 Glenwood Ave., Ste. 550 | 12201 Beestone Lane |
| Raleigh, NC 27608 | Raleigh, NC 27614 |

I further certify that on the date listed below, I sent the foregoing document and the proposed order referenced therein by mailing them via USPS First Class mail, postage prepaid, and by sending them via email to Attorneys Travis Sasser and Philip Sasser (whom the undersigned has reason to believe represents Defendant EvoHealth LLC and/or Defendant Deaton), at the following addresses:

Travis Sasser
Philip Sasser
Sasser Law Firm
2000 Regency Parkway, Suite 230
Cary, NC 27518
travis@sasserbankruptcy.com
philip@sasserbankruptcy.com

Date: December 5, 2024

By: /s/ *Benjamin S. Morrell*