IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-440-BO-RJ

| | |
|---|---|
| MXR IMAGING, INC., <br>         Plaintiff, <br> <br> v. <br> <br> EVOHEALTH LLC and STEVEN <br> DEATON, individually and in his capacity <br> as Chief Executive Officer and Owner of <br> EvoHealth LLC, <br>         Defendants. | O R D E R and <br> AMENDED DEFAULT JUDGMENT |

The Court has granted plaintiff's motion for entry of default judgment against defendant EvoHealth LLC and an order has been entered. [DE 19]. In response to the Court's order, plaintiff now seeks entry of default judgment as against EvoHealth, LLC with respect to Counts I and II of the complaint pursuant to Fed. R. Civ. P 54(b). [DE 297]. Defendant Steven Deaton has filed a Chapter 7 bankruptcy petition, and the claims against him are subject to automatic stay. 11 U.S.C. § 362.

Where "multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b); *United States ex rel. Hudson v. Peerless Ins. Co.*, 374 F.2d 942, 945 (4th Cir. 1967) (cautioning against entering default judgment as to fewer than all defendants where the liability is joint and several or "closely interrelated"); *Frow v. De le Vega,* 82 U.S. 552, 554 (1872) ("But if the suit should be decided against the complainant on the merits, the bill will be dismissed as to all the defendants alike-the defaulter as well as the others.").

Counts I and II of the complaint are breach of contract claims alleged only against EvoHealth. [DE 1]. Thus, "there is no risk of inconsistent judgments in allowing [plaintiff] to proceed to final judgment against" EvoHealth while the remainder of this action is stayed. *S. Bank & Tr. Co. v. Laburnum Hotel Partners, LLC*, No. 2:13CV216, 2014 WL 3052535, at *5 (E.D. Va. July 3, 2014). Plaintiff has demonstrated that there is no just reason for delay, and the Court will enter an amended default judgment pursuant to Rule 54(b).

## CONCLUSION

The default judgment entered on November 21, 2024, is hereby AMENDED as follows: Default judgment is ENTERED against defendant EvoHealth, LLC, pursuant to Fed. R. Civ. P. 54(b) on Counts I and II of the complaint. Plaintiff is entitled to $199,611.20 in compensatory damages as well as prejudgment interest on the contract-based damages at the legal rate of 8% from the date of the breach, February 23, 2023, to the date of entry of this order. Plaintiff is further entitled to post-judgment interest as provided by 28 U.S.C. § 1961.

The remainder of this action is hereby STAYED due to the bankruptcy of defendant Deaton. Plaintiff shall file status reports every ninety (90) days concerning the status of the bankruptcy proceeding. The clerk is DIRECTED to remove this case from the Court's active during the pendency of the stay.

SO ORDERED, this 14 day of February 2025.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

2

Case 5:23-cv-00440-BO-RJ     Document 22     Filed 02/26/25     Page 2 of 2